IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-40035-JAR |
| JEROLD D. FISHER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Jerold D. Fisher's Motion to Reconsider This Court's Order Finding that the Defendant Breached Plea Agreement (Doc. 53). The Government has responded and the Court is prepared to rule and proceed to sentencing. As explained more fully below, Defendant's motion is granted.

On May 27, 2014, this Court held a sentencing hearing and entertained the parties' joint recommendation, pursuant to the Plea Agreement, that the Court sentence Defendant to 36 months' imprisonment. This Court expressed concern about that nonbinding recommendation, given that the Sentencing Guidelines range was 41 to 51 months' custody, and given that there was no explanation as to Defendant's disposition of much of the $4 million in proceeds of the tax fraud—there was no evidence that it was dissipated though substance abuse or gambling, and in fact, there was no explanation with respect to much of the money. The Court advised the parties that the sentencing hearing would be continued because of the Court's concern about the disposition of the fraudulent tax refunds.

After the Court continued the sentencing hearing, the Government filed a Motion to

1

Determine if Defendant Has Breached His Plea Agreement (Doc. 37).  The Court set that motion for hearing and the parties' submitted evidence supporting their respective positions.  Included in Defendant's submissions was a rough, categorical accounting of Defendant's purported extensive cash expenditures.  The categories of his cash expenditures included: house, vehicle, living, doctor, business, travel and sports, bills paid, and miscellaneous.

      The Court issued a written opinion on August 27, 2014 (Doc. 48), finding that Defendant failed to fully and honestly identify and disclose the location and or disposition of assets and property derived from the offense to which he pled guilty, and therefore that Defendant breached the Plea Agreement.  The Court was troubled by the lack of documentary evidence to support the disposition of assets, other than Defendant's own attestations, upon which his expert's opinion was based.  The Court understood that not until after the May 27 hearing did Defendant attempt to identify and itemize $2 million in cash expenditures, including substantial travel expenses purportedly to support a health book he wrote.  Despite the nature of many of these cash expenditures, the Court found significant the fact that Defendant had still not produced records or documentation.  When coupled with other concerns about Defendant's credibility, the Court found that Defendant breached the Plea Agreement by failing to provide the Government with truthful information about how the proceeds of the fraud were spent.  The Court released the Government from its obligations under Paragraph 5 of the Plea Agreement to recommend a 36-month sentence, to not file any additional charges against Defendant or anyone acting in concert with him, and to advocate for Defendant to receive a reduction in his sentence for acceptance of responsibility.

      Defendant now asks the Court to reconsider, arguing that in finding that Defendant

breached the Plea Agreement, the Court relied on incorrect facts. In civil and criminal cases, motions for reconsideration are governed by District of Kansas Local Rule 7.3.[1] Under Rule 7.3, "a motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[2]

Defendant complains that the Court misunderstands which evidence he provided to the Government prior to his original sentencing hearing, thus misstating that Defendant failed to provide the Government with bank account records until the Court questioned how the fraud proceeds were spent on May 27. He contends that Defense counsel provided monthly statements for Defendant's E-Trade accounts early in the case, which reflected his stock market losses. Based on this evidence, Defendant contends that it was erroneous for the Court to conclude that the Government was unaware of these losses prior to Defendant's excited utterance at the end of the May 27 hearing that "three million was lost in the stock market. They know that." Exhibits A, B, and C are the account records provided to the Government in 2013 by defense counsel. They include point-of-sale debits, cash withdrawals, and stock gains and losses. It was not made clear to the Court when deciding whether Defendant breached the Plea Agreement that the records were provided before May 27.

Defendant annotated these E-Trade bank records with spending categories for each debit, and these annotated records were turned over to the Government after the May 27 hearing, in

---

[1] *See United States v. Carr*, No. 06-40147-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2006) (finding that Rule 7.3 is also applicable in criminal cases).

[2] *Id.* (citations and quotations omitted).

response to the Court's concerns.[3]  Exhibits G, I, and H[4] do in fact show point-of-sale purchases with Defendant's handwritten annotations of spending categories next to each debit, including those he contends were spent on promoting his book.  These exhibits reflect that many of the purchases were actually point-of-sale purchases, and not "cash expenditures" as the Court characterized them in its Order.  Defendant argues that on the E-Trade accounts, only $182,460 was taken out in cash withdrawals; the majority of the transactions were point-of-sale purchases.  He suggests that these point-of-sale records are entitled to more weight than the Court allowed because they provide proof beyond Defendant's own recollection of categorical spending.

Inexplicably, these bank account records were not previously provided to the Court.  Moreover, neither party made clear the nature of the bank account records, nor the fact that they were provided to the Government before the plea and before the Court voiced concern over the dissipation of the fraud proceeds.  Defendant claims that he provided more detailed records to the Government and not to the Court because he believed the Government was in "the best position to inform this Court if Mr. Fisher's statements were demonstratively [sic] wrong.  The government never objected to this characterization or to Mr. Fisher's accounting . . . [it] has said only that Mr. Fisher's accounting is self-serving, not that it is demonstrably false."  The Court finds that neither party was entirely clear during the briefing on the motion to determine whether the plea was breached as to the records that the Government had in its possession prior to the May 27 hearing.

---

[3]Docs. 58, 59, Exs. G, H, I.

[4]The Government understandably argues that Defendant failed to submit Exhibits D, H, J, or P to his motion to reconsider.  They are not labeled in CM/ECF, and were mistakenly filed as main documents in the system instead of attachments.  As such, finding the cited exhibits within the seven docket entries created to file them is difficult.  Defense counsel is encouraged to follow the Administrative Procedures for filing exhibits in the future  *See* Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Criminal Cases, at 16–17 (rev. May 3, 2013) (explaining how to file voluminous exhibits and providing labeling examples).

Moreover, the parties were unclear about the degree to which Defendant's expenditures from these E-Trade accounts were by cash withdrawals instead of point-of-sale purchases. Much of this confusion is due to Defendant's own "Affidavit" wherein he listed several vacations "paid for by cash" in 2009 and 2010, purportedly to promote his book.[5] While the Court continues to be concerned about Defendant's credibility and forthrightness about his spending, it agrees that it must review this evidence anew, as the lack of documentary evidence formed the foundation for several of its factual findings in the August 27 Order.

      The Court has reviewed the E-Trade account records and finds that, based on this evidence, it should reconsider its finding that Defendant breached the Plea Agreement. It appears that Defendant did in fact provide the Government with bank account records showing his stock market losses, and showing specific debits in the form of point-of-sale purchases for the majority of the fraud proceeds deposited into E-Trade accounts. The Government does not dispute Defendant's argument that the E-Trade account records were provided to the Government early in the case or that they provide more detailed information than the Court understood from the evidence presented on the original motion. Instead, the Government focuses in its response on Defendant's inconsistent answers with respect to the sales of gold coins and points out that it has been unable to track down Defendant's girlfriend, who is believed to have about $34,000 in equity from the sale of her home, which had been purchased by Defendant. But the Court found that Defendant breached the plea agreement largely by failing to provide any documentary evidence about how the tax fraud proceeds were dissipated. The Court found that Defendant's narrative accounting for cash expenditures was insufficient, given the strong concerns it had

---

[5]Doc. 46, Ex. E.

about Defendant's credibility.  Given that the E-Trade accounts were not entirely dissipated through cash withdrawals, and that the Government had access to these records pre-plea, the Court finds that Defendant did not breach the Plea Agreement.  The Court therefore finds that the Government continues to be bound by the terms of the Plea Agreement at sentencing.  The remainder of the Court's August 27 Order touches on several issues related to Defendant's credibility—issues about which the Court continues to be concerned.  The Court is not bound by the terms of the Plea Agreement and will consider all of the evidence presented by the parties on these motions as it fashions a sentence that is sufficient, but not greater than necessary to achieve the objectives of sentencing pursuant to 28 U.S.C. § 3553(a).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant JEROLD D. Fisher's Motion to Reconsider (Doc. 53) This Court's Order Finding that the Defendant Breached Plea Agreement (Doc. 48) is **granted**.  The Government's Motion to Determine Breach of Plea Agreement (Doc. 37) is **denied**.

Dated: October 28, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE